UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FIRESTONE FINANCIAL, LLC,

       Plaintiff,

v.                                CASE NO. 3:23-cv-988-MMH-SJH

FAP LOGISTICS, LLC, et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before me on the Motion for Default Judgment ("Motion")
filed by Plaintiff, Firestone Financial, LLC ("Plaintiff"). Doc. 42. For the reasons
herein, I recommend the Motion be **denied** and this action be **dismissed without
prejudice** for lack of subject matter jurisdiction.

### I.    Posture

On August 23, 2023, Plaintiff sued Fap Logistics, LLC ("Fap") and Zlatko
Hadzimurtovic ("Hadzimurtovic"; collectively with Fap, "Defendants"). Doc. 1.
Plaintiff represented that it tried repeatedly, but was unable, to locate and effectuate
service directly on Defendants. *See, e.g.*, Docs. 12, 13, 16, 17, 32. After exhausting
those efforts, Plaintiff "determined substitute service via the Florida Department of
State was the only viable option remaining." Doc. 32 at 3. Through counsel, it swore
as much to the Court. Doc. 32, Ex. 1, ¶ 6. Plaintiff later moved for Clerk's Defaults
against Defendants based on substitute service, reiterating its diligent but ineffective

efforts "to acquire the information necessary to effectuate personal service[.]" Doc. 36 at 8. Clerk's Defaults were entered on June 28, 2024. Docs. 37, 38, & 39.

When Plaintiff failed to timely move for default judgment in accordance with Local Rule 1.10(c), on August 6, 2024, the Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute. Doc. 41. On August 20, 2024, Plaintiff responded to the Order to Show Cause, advising that counsel and necessary signatories had been on vacation, Doc. 43, and filed the instant Motion, Doc. 42.

## II.    Applicable Law and Background

Before entering default judgment, the Court must ensure, among other things, that it has jurisdiction. *See Armstrong v. United States*, No. 21-10200, 2021 WL 6101492, at *1 (11th Cir. Dec. 21, 2021);[1] *Wouaff Wouaff LLC v. McElory*, No. 6:18-cv-418-Orl-41TBS, 2019 WL 1470263, at *1 (M.D. Fla. Apr. 3, 2019); *see also Johnston v. Mitchell & Lynn Judgement Recovery Sols., LLC*, No. 8:23-cv-38-CEH-AEP, 2023 WL 7411338, at *2-3 (M.D. Fla. Oct. 17, 2023), *report and recommendation adopted*, 2023 WL 8004432 (M.D. Fla. Nov. 17, 2023). Indeed, as courts of limited jurisdiction, federal courts "have an obligation to inquire into their subject matter jurisdiction." *Jones v. Waters*, No. 3:24-cv-45-MMH-LLL, 2024 WL 474116, at *1 (M.D. Fla. Feb. 7, 2024).

---

[1] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289-90 (11th Cir. 2000); 11th Cir. R. 36-2.

2

Therefore, before turning to the propriety of service, Plaintiff's response to the Order to Show Cause, and/or the merits of the Motion, the inquiry must begin with the Court's subject matter jurisdiction. That is where it ends as well.

Plaintiff has invoked only diversity jurisdiction under 28 U.S.C. § 1332. *See* Doc. 1, ¶ 4. Among other requirements, for such jurisdiction to exist "'all plaintiffs must be diverse from all defendants.'" *Jones*, 2024 WL 474116, at *1 (citation omitted); *see also Clayton Consulting Servs., Inc. v. Squire Dental Mgmt., LLC*, No. 3:20-cv-1165-J-34JBT, 2020 WL 6263756, at *2 (M.D. Fla. Oct. 23, 2020).

For diversity purposes, "a natural person is a citizen of the state in which he is 'domiciled[,]'" that is, "'the place of "his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom[.]"'" *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021) (citation omitted). "Residence alone is not enough." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). A state-chartered bank, like a corporation, is a citizen of its state(s) of incorporation and the state of its principal place of business. *See Regions Bank v. Radno, Inc.*, No. 2:14-cv-193-FtM-29DNF, 2014 WL 12629963, at *1 (M.D. Fla. Apr. 3, 2014); *see also Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006). A limited liability company ("LLC") is a citizen of each state of which any member of the company is a citizen. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

Plaintiff alleges that it is an LLC whose sole member is a bank chartered under the laws of, and with its principal place of business in, Massachusetts. Doc. 1, ¶ 1.

Accordingly, Plaintiff is a citizen of Massachusetts. *See Rolling Greens MHP*, 374 F.3d at 1022; *Regions Bank*, 2014 WL 12629963, at *1; 28 U.S.C. § 1332(c)(1). As for Defendants, Plaintiff alleges: (i) that Hadzimurtovic is a "citizen of the State of Florida, who maintains his domicile" at a specified address in Jacksonville; and (ii) that Fap is a Florida LLC and "[u]pon information and belief, based on records of the Florida Secretary of State, Fap's sole member is" Hadzimurtovic. Doc. 1, ¶¶ 2, 3.[2]

Finding these allegations insufficient, on August 22, 2024, I entered an Order taking the Motion under advisement and directing Plaintiff to make a supplemental written filing sufficient to allow the Court to determine it has subject matter jurisdiction ("First Order"). Doc. 44. As I explained in the First Order, Plaintiff's allegations are insufficient to determine the citizenships of Defendants. *Id.* at 2-4.

First, though alleging "Hadzimurtovic is a citizen of and domiciled in Florida, Plaintiff alleges no facts in support of such conclusion," which appears to be based on alleged residency, which is not synonymous with citizenship. *See id.* at 3 (citing *Schneider Fin., Inc. v. First State LLC*, No. 6:23-cv-1468-RBD-DCI, 2023 WL 11891512, at *1 (M.D. Fla. Aug. 14, 2023) and *Smith*, 991 F.3d at 1149). Second, "even assuming Hadzimurtovic is a citizen of Florida, the allegation that he is Fap's sole member— made '[u]pon information and belief, based on' unspecified 'records of the Florida Secretary of State'—is lacking." *Id.* at 3 (quoting Doc. 1, ¶ 2). As I explained in the

---

[2] The complaint is verified. Doc. 1 at 8. In the verification, Plaintiff's signing representative declares and verifies under penalty of perjury that the allegations in the complaint are "true and correct, except as to matters therein stated to be on information and belief, and as to such matters" only that "he verily believes the same to be true." *Id.*

First Order, citizenship cannot properly be alleged upon information and belief. *Id.* at 3-4 (citing *Schneider*, 2023 WL 11891512, at *1; *Clayton*, 2020 WL 6263756, at *2; *Ensemble RCM, LLC v. CarePoint Health Mgmt. Assocs., LLC*, No. 2:22-cv-676-SPC-KCD, 2022 WL 16725123, at *1 (M.D. Fla. Oct. 20, 2022); and *Audio Visual Servs. Grp., Inc. v. Woodard Events, LLC*, No. 6:18-cv-201-Orl-37TBS, 2018 WL 11328326, at *1 (M.D. Fla. Feb. 21, 2018). Moreover, the basis of Plaintiff's information and belief—unspecified and unidentified records of the Florida Secretary of State—was problematic because "in general, such records are insufficient to show all of the members of an LLC or establish that one member is the sole member." *Id.* at 4 (citing *Infiniti Emp. Sols., Inc. v. Benton Glob., LLC*, No. 6:15-cv-315-Orl-22KRS, 2015 WL 13791950, at *1 (M.D. Fla. Apr. 3, 2015) and *Saadi v. Maroun*, No. 8:07-cv-1976-T-24MAP, 2018 WL 1282325, at *2-3 (M.D. Fla. Mar. 13, 2018)).

Plaintiff responded to the First Order on September 5, 2024 ("First Response"). Doc. 45. Plaintiff's First Response remained insufficient to show subject matter jurisdiction, so on September 6, 2024, I entered another Order directing Plaintiff to file a further supplemental written filing sufficient to allow the Court to determine it has subject matter jurisdiction over this action ("Second Order"). Doc. 46. As I explained in the Second Order, Plaintiff's First Response provides *some* additional support for its position "that Hadzimurtovic, individually, is domiciled in Florida. … But even assuming such is sufficient to show Hadzimurtovic is a citizen of Florida, Plaintiff has not adequately supported its position that Hadzimurtovic is Fap's sole member." *Id.* at 2 (internal citation omitted). Though its pleading had "made such allegation based

on information and belief based on unspecified records of the Florida Secretary of State," Plaintiff "apparently abandoned that position and submitted no records from the Florida Secretary of State with its" First Response. *Id.* at 2-3. Instead, Plaintiff took the position in its First "Response that Fap's citizenship is derivative of Hadzimurtovic's citizenship because, in reviewing its own records, it determined that Hadzimurtovic twice represented in a credit application that he 'is the sole owner [of] FAP.'" *Id.* (citation omitted).

In the Second Order, I identified two problems with this position. First, "for diversity purposes, what matters is Fap's membership-makeup and corresponding state(s) of citizenship when jurisdiction was invoked" yet "the credit application on which Plaintiff relies was from April 2022, more than 16 months before Plaintiff invoked jurisdiction." *Id.* at 3 (citations omitted). Next, "and more fundamentally, Plaintiff's [First] Response addresses only the *ownership* not *membership* of Fap. But for diversity purposes it is the latter, not the former, that matters." *Id.* (citing *Rolling Greens MHP,* 374 F.3d at 1022). As I explained in the Second Order, ownership and membership are not interchangeable, and "'it is membership, not ownership, that is critical for determining the citizenship of an LLC.'" *Id.* (quoting *Post v. Biomet, Inc.*, No. 3:20-cv-527-J-34JRK, 2020 WL 2766210, at *1 (M.D. Fla. May 28, 2020)). I collected authority from courts, including this one, that have "thus not allowed allegations of ownership to substitute for the requisite membership necessary to establish the citizenship of an LLC." *Id.* at 4 (citing *Post*, 2020 WL 2766210, at *1; *Belcher v. Aramark Uniforms & Career Apparel, LLC*, No. 3:21-cv-375-MMH-JRK, 2021

WL 1542855, at *2 (M.D. Fla. Apr. 20, 2021); *Jiangmen Benlida Printed Cir. Co. v. Circuitronix, LLC*, No. 21-60125-CIV, 2021 WL 230178, at *1 (S.D. Fla. Jan. 22, 2021); *Bowyer v. Victoria's Secret Stores, LLC*, No. 3:18-cv-288-J-34JBT, 2018 WL 1121614, at *2 (M.D. Fla. Mar. 1, 2018); and Fla. Stat. § 605.0401(4)).

On September 20, 2024, Plaintiff filed a response to the Second Order ("Second Response"). Doc. 47. As explained herein, the Second Response fails to establish jurisdiction.

## III.   Discussion

### a.  Jurisdiction is Lacking

In the Second Response, like the First Response, Plaintiff primarily addresses its position that Hadzimurtovic, individually, is domiciled in Florida, for which it offers some additional support. *See id.* at 1-2. Though Plaintiff appears at times to use the word domicile loosely, and there is some tension between Plaintiff's arguments and its representations in connection with its ineffective service attempts, I will assume *arguendo*, as I did in the Second Order, that Hadzimurtovic, individually, is a citizen of Florida. That does not establish jurisdiction, however, because the more fundamental obstacle to confirming complete diversity remains. And now, Plaintiff effectively concedes it lacks evidence that Hadzimurtovic is Fap's sole member. *E.g.*, Doc. 47 at 4 ("Under the 2023 Florida Revised Limited Liability Company Act, limited liability companies must [maintain] a listing of all members. ... This

information is not able to be ascertained by Firestone. This information lies with and must be kept by Fap[.]").

In its Second Response, Plaintiff continues to abandon its original position—that unspecified and unidentified records from the Florida Secretary of State gave rise to information and belief that Hadzimurtovic is Fap's sole member—and attaches no corporate records identifying any members of Fap. *See generally* Doc. 47. And it acknowledges that—after rounds of briefing in response to two show-cause orders—the only support it can offer for its position that Hadzimurtovic is Fap's sole member is that he represented some 16 months before the lawsuit that he was Fap's sole *owner*. *Id.* at 3. Plaintiff recognizes that such is no more than it offered in the First Response, which was deemed inadequate in the Second Order. *Id.* at 3-4. But, Plaintiff concedes, "a listing of all members" of Fap is "information … not able to be ascertained by" Plaintiff and lies with Fap alone. *Id.* at 4. Thus, for the reasons explained in the First Order and the Second Order, jurisdiction is lacking. *See* Docs. 44, 46; *see also Belcher*, 2021 WL 1542855, at *2; *Jiangmen Benlida Printed Cir. Co.*, 2021 WL 230178, at *1; *Post*, 2020 WL 2766210, at *1; *Bowyer*, 2018 WL 1121614, at *2; Fla. Stat. § 605.0401(4).

Plaintiff argues in passing that "[a] diligent and good faith search of all publicly available records of Fap Logistics, LLC has not revealed any additional member aside from Hadzimurtovic, nor any individual or company affiliated with Fap Logistics, LLC located or domiciled in Massachusetts, Firestone's place of citizenship." Doc. 47 at 3. As already discussed, however, publicly available records are ineffective at

8

identifying all members of an LLC. *See Infiniti Emp. Sols.,* 2015 WL 13791950, at *1; *Saadi*, 2018 WL 1282325, at *2-3. Regardless, "it is well-established that parties seeking to invoke a federal court's diversity jurisdiction cannot establish diversity in the negative, as an affirmative identification of citizenship is necessary." *Winn-dixie Stores, Inc. v. Primary One, LLC*, No. 3:18-cv-1168-J-34MCR, 2018 WL 4771058, at *1 (M.D. Fla. Oct. 3, 2018) (collecting cases); *see also AFC Franchising, LLC v. Purugganan*, No. 20-13849-AA, 2021 WL 1541511, at *1 (11th Cir. Apr. 6, 2021); *Alanazi v. Avco Corp.*, No. 6:19-cv-2230-Orl-28LRH, 2019 WL 6324007, at *1 (M.D. Fla. Nov. 26, 2019); *Leech Tishman Fuscaldo & Lampl, LLC v. Cart*, No. 3:15-cv-311-J-39JBT, 2015 WL 13653043, at *1 (M.D. Fla. Mar. 27, 2015). The Eleventh Circuit expressly recognizes the potentially difficult task of identifying citizenship when an LLC is involved, and, precisely because of that difficulty, requires that courts "must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1228 (11th Cir. 2017).

Collectively, the First Order, First Response, Second Order, and Second Response, have now confirmed that Plaintiff has not and cannot identify all members of Fap and thus cannot establish diversity jurisdiction. Because this Court lacks jurisdiction, dismissal is required. *See Travaglio*, 735 F.3d at 1268-70; *see also Armstrong*,

2021 WL 6101492, at *1. Such a dismissal is without prejudice. *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).[3]

### b. Jurisdictional Discovery is Unwarranted

As a final effort to support jurisdiction, Plaintiff asks for leave to conduct jurisdictional discovery, specifically to depose Fap to identify its citizenship and then amend the complaint to remove allegations premised on information and belief. Doc. 47 at 4-5. Such requests are not well taken. First, requests for relief must be made by motions, and Plaintiff has filed none. *See* Fed. R. Civ. P. 7(b); *see also* Local Rule 3.01. It is improper to seek relief in a response brief, such as Plaintiff purports to do. *See Herederos De Roberto Gomez Cabrera, LLC v. Teck Res. Ltd.*, 43 F.4th 1303, 1312 n.4 (11th Cir. 2022); *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009); *Stay Fresh Vape Co. v. Vape Storm Labs LLC*, No. 6:19-cv-00371-CEM-LRH, 2020 WL 10502622, at *9 (M.D. Fla. Mar. 16, 2020); *Johnson v. Anderson*, No. 3:17-cv-998-J-34JRK, 2019 WL 3717900, at *14 (M.D. Fla. Aug. 7, 2019). And, presumably because it does not know Fap's members, Plaintiff has not attached or identified the substance of any proposed amended pleading untethered to jurisdictional allegations lodged on information and belief. *See Rosenberg*, 554 F.3d at 967; *Johnson*, 2019 WL 3717900, at *14.

---

[3] Though the absence of jurisdiction *requires* dismissal, I also note that no harm is readily apparent to Plaintiff in litigating in state court, nor has Plaintiff raised a concern litigating in state court. Plaintiff has sued for breach of a written contract, breach of a personal guarantee, and replevin, all premised on an April 20, 2022 agreement. Doc. 1. The statute of limitations for breach of a written agreement is five years and for replevin is four years. *See* Fla. Stat. §§ 95.11(2)-(3); *see also Schmidt v. Sabow*, 331 So. 3d 781, 787 (Fla. 2d DCA 2021); *Idoni v. Ungurean*, No. 6:14-cv-102-Orl-41GJK, 2016 WL 7177619, at *4 (M.D. Fla. Mar. 25, 2016); *Crutchley v. Brevard Cnty. Sheriff's Off.*, 688 So. 2d 371, 371-72 (Fla. 5th DCA 1997).

10

Nor is Plaintiff entitled to jurisdictional discovery to try to uncover a basis to craft an amended complaint over which this Court has jurisdiction. Plaintiff relies primarily on *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727 (11th Cir. 1982). *See* Doc. 47 at 4-5. It cites *Eaton* for the propositions that (i) "plaintiffs must be given an opportunity to develop facts to support a determination on the issue of jurisdiction"; and (ii) "[i]t is well-accepted that a qualified right to jurisdictional discovery exists when a court's jurisdiction is genuinely in dispute." *Id.* at 4-5 (citing *Eaton*, 692 F.2d at 729-31). *Eaton* is distinguishable and not controlling here for several reasons.

First, as Plaintiff acknowledges, in *Eaton* the party had already propounded jurisdictional discovery, which was underway and pending at the time of dismissal. *See* Doc. 47 at 4-5. Thus, in *Eaton*, "discovery was already under way." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999). Here, by comparison, no discovery is underway; discovery has been merely alluded to in a brief such that dismissal would "not so much deny discovery" as dismiss "the case before discovery was taken." *Id.* Indeed, though Plaintiff cites Rule 26 of the Federal Rules of Civil Procedure ("Rule(s)"), Doc. 47, it fails to acknowledge that discovery is not even *open* under that rule, *see* Fed. R. Civ. P. 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)...").

For example, in *Dollar Rent A Car, Inc. v. Westover Car Rental, LLC*, No. 2:16-cv-363-FtM-29CM, 2017 WL 1906296, at *1 (M.D. Fla. May 10, 2017), the court "decline[d] to allow plaintiff to use the discovery mechanisms of federal court before

it" was able in good faith to allege facts showing diversity jurisdiction. Citing *Posner* and Rule 26(f), it ruled that "no jurisdictional discovery will be permitted at this stage of the proceedings" because "[d]ismissal, without permitting jurisdictional discovery, is appropriate when the dismissal occurs before any discovery has been taken" and no case management report had been filed and discovery had not yet opened. *Id.* at *1 & n.1. The same is true here.

Moreover, though Plaintiff correctly notes that under *Eaton* in some circumstances a "qualified right" to jurisdictional discovery exists, Plaintiff does not correctly articulate or apply those circumstances. In the Eleventh Circuit, "when facts that go to the merits and the court's jurisdiction are intertwined and genuinely in dispute, parties have a 'qualified right to jurisdictional discovery,'" which means "a district court abuses its discretion if it completely denies a party jurisdictional discovery" absent undue delay by that party in "propounding discovery or seeking leave to initiate discovery." *Am. C.L. Union of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017) (citing *Eaton*, 692 F.3d at 729, 731 n.7 and *Posner*, 178 F. 3d at 1214 n.7). Thus, any "qualified right" to jurisdictional discovery requires (i) a genuine dispute; concerning (ii) jurisdictional facts intertwined with facts that go to the merits. *Id.* Neither prong is satisfied.

First, there is no *dispute* of jurisdictional facts (indeed, Defendants have not even appeared); there is an *absence* of them. *See, e.g.*, *Hines Ints. Ltd. P'ship v. Southstar Cap. Grp. I, LLC*, No. 6:18-cv-1147-Orl-22DCI, 2018 WL 7460044, at *4 (M.D. Fla. Oct. 15, 2018) (finding one side's "refusal to disclose the identities of the members of" two

LLCs did not create "a 'factual dispute over diversity jurisdiction'" entitling the other side "to limited jurisdictional discovery to identify" the members and explaining that it was the burden of the side invoking jurisdiction, not the other, to establish diversity), *report and recommendation adopted*, 2018 WL 7460045 (M.D. Fla. Dec. 20, 2018); *Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1339 (S.D. Fla. 2016) ("Even if he had properly requested jurisdictional discovery, there exists 'no genuine dispute on a material jurisdictional fact to warrant jurisdictional discovery.' …. [Plaintiff] is foreclosed from pursuing jurisdictional discovery in an attempt to marshal facts that he 'should have had—but did not—before coming through the courthouse doors.'") (citations omitted); *Yepez v. Regent Seven Seas Cruises*, No. 10-23920-CIV, 2011 WL 3439943, at *1 (S.D. Fla. Aug. 5, 2011) ("[T]he failure of a plaintiff to investigate jurisdictional issues prior to filing suit does not give rise to a genuine jurisdictional dispute.").

If anything, in might be an abuse of discretion to *allow* jurisdictional discovery in the absence of facts that if established would show jurisdiction. *See Butler v. Sukhoi Co.*, 579 F.3d 1307, 1314 (11th Cir. 2009) (holding "the district court abused its discretion in allowing the case to proceed and granting discovery on the jurisdictional issue" "[i]nasmuch as the complaint was insufficient as a matter of law to establish a *prima facie* case that the district court had jurisdiction"); *see also Diulus v. Am. Express Travel Related Servs. Co., Inc.*, 823 F. App'x 843, 849 (11th Cir. 2020). Yet Plaintiff, who has abandoned the "information and belief" allegations in its pleading and pivoted to attempting to offer facts of the ownership, but not membership, of Fap, has yet to offer

any. "Indeed, the fact that discovery may be needed to determine the factual basis on" which Plaintiff invokes diversity jurisdiction "only highlights the fact that" Plaintiff "did 'not have a factual basis for believing that jurisdiction exists'" when it brought this case to federal court. *Kampsky v. Meester*, No. 3:23-cv-1216-MMH-PDB, 2023 WL 7647253, at *4 (M.D. Fla. Nov. 15, 2023) (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1217 (11th Cir. 2007)); *see also Encore Select, Inc. v. Great Atl. & Pac. Tea Co., Inc.*, No. 8:14-cv-935-T-23TBM, 2014 WL 2548176, at *1 (M.D. Fla. June 5, 2014) ("[T]he plaintiff in this action identifies no disputed fact; the plaintiff 'merely has a hunch that there may be facts—or a desire to find out if there are any facts—that justify the exercise of personal jurisdiction. On this basis, the plaintiff has not shown it is entitled to jurisdictional discovery.'") (citation omitted).

Moreover, even if there were a genuine dispute, such is not intertwined with the merits. *See Am. C.L. Union of Fla.*, 859 F.3d at 1341. That distinguishes *Eaton*, which was a federal question case. *See Eaton*, 692 F.2d at 728. "Because federal question jurisdiction is to some extent intertwined with the existence of a valid federal claim on the merits, it has long been established that federal question cases require a stricter standard for dismissal on jurisdictional grounds." *Lowery*, 483 F.3d at 1215 n.71 (citing *inter alia Eaton*). A different rule applies to jurisdictional discovery, like here, not intertwined with the merits and directed to the presence of *diversity* jurisdiction. *Id.* at 1215-17 & n.71. *Lowery* provides that a district court should *not* allow jurisdictional discovery directed to a potential factual basis for diversity jurisdiction. *See id.*

To be sure, *Lowery* is a removal case, such that certain aspects of its analysis are arguably *dicta* in this context. But, assuming *arguendo* that *Lowery* is not binding, its reasoning and analysis apply persuasively here. Indeed, *Lowery* announced its reasoning "begin[ning] with the paradigmatic case of a plaintiff filing an original diversity action in federal court." *Id.* at 1216. As *Lowery* explained, in such a case, the plaintiff, having invoked jurisdiction, has the burden of establishing it. *Id.* Rule 8 requires the plaintiff to plead factual support for jurisdiction, and Rule 11 requires it do so "under pain of sanctions" if lacking sufficient evidentiary support. *Id.* "By filing the action in federal court, the plaintiff is making a representation that the action belongs before the court." *Id.* But "if a material element required for either the substantive claim or the court's subject matter jurisdiction is missing from the complaint, the defendant may move to dismiss." *Id.* If the plaintiff "concedes that the plaintiff lacks the evidence necessary to cure the deficiency, the court may dismiss the action for failure to state a claim or want of jurisdiction. In either case, without further discovery, counsel cannot in good faith amend the complaint to provide the missing element." *Id.* And, *Lowery* explained, "should the plaintiff request leave to conduct discovery to support its assertion that the case is properly before the court, the court would deny such a request." *Id.* The court in such circumstances "would not reserve ruling on the motion to dismiss in order to allow the plaintiff to look for what the plaintiff should have had—but did not—before coming through the courthouse doors[.]" *Id.*

15

If anything, *Lowery*'s reasoning applies even more persuasively here. As in *Lowery*, Plaintiff's "request for discovery is tantamount to an admission that" it does "not have a factual basis for believing that jurisdiction exists" and "[t]he natural consequence of such an admission" is to find jurisdiction lacking. *See id.* at 1217-18. And as in *Lowery*, this Court "should not reserve ruling" on its jurisdiction to allow Plaintiff "to discover the potential factual basis of jurisdiction" because such a "fishing expedition[] would clog the federal judicial machinery, frustrating the limited nature of federal jurisdiction by encouraging" parties to invoke jurisdiction "at best, prematurely, and at worst, in cases in which they will never be able to establish jurisdiction." *Id.* at 1217. Here, Plaintiff does not even seek to "clog the federal judicial machinery" to delay ruling on an adversary's motion. *See id.* It does so to save off ruling on *its own* Motion, which necessarily requires the Court to review the jurisdiction it (without basis) invoked. *See Armstrong*, 2021 WL 6101492, at *1; *McElory*, 2019 WL 1470263, at *1.

Thus, courts in this district have appropriately applied *Lowery*'s rationale to dismiss direct-filed diversity cases sans jurisdictional discovery. *E.g.*, *Investissement Yves Auclair, Inc. v. MLM Experts, LLC*, No. 6:17-cv-2131-Orl-41KRS, 2018 WL 1832867, at *2-3 (M.D. Fla. Jan. 25, 2018), *report and recommendation adopted*, 2018 WL 3344549 (M.D. Fla. July 9, 2018); *Dollar Rent A Car, Inc.*, 2017 WL 1906296, at *1; *see also Diverse Staffing Servs., Inc. v. Consultative Sales Pros., LLC*, No. CV421-028, 2022 WL 1271726, at *3 (S.D. Ga. Apr. 28, 2022) ("In cases where defendants fail to appear,

16

courts both within and outside the Eleventh Circuit have declined plaintiffs' requests for jurisdictional discovery to remedy insufficient allegations of diversity jurisdiction when made in response to a court's order to show cause why the case should not be dismissed for lack of subject matter jurisdiction.") (collecting cases).

*Investissement Yves Auclair* is particularly instructive and nearly identical to this case. In that case, the plaintiff sued defendants, including an LLC, and invoked diversity jurisdiction. *Investissement Yves Auclair*, 2018 WL 1832867, at *1. The magistrate judge issued an order to show cause why the case should not be dismissed for lack of jurisdiction because the complaint had many of the same defects as this one, including: plaintiff's diversity allegations were premised on information and belief, its allegations as to the individual defendants were based on residence rather than domicile, and its allegations as to the LLC addressed the company's owners and manager but not its members. *Id.* The plaintiff responded to the order to show cause with evidence that addressed some, but not all, of the deficiencies. *Id.* at *2. In particular, the plaintiff sufficiently established the citizenship of the individual defendants, but not of the LLC. *Id.* Those allegations remained deficient for several reasons, including that they were based in part on information and belief, that they addressed the *owners* rather than *members* of the LLC, and that they attempted impermissibly to establish diversity through negative rather than affirmative allegations. *Id.* So the magistrate judge issued a second order to show cause. *Id.* The plaintiff responded, but only with similar information about the LLC's registered agent and managers, not its members, which plaintiff was unable to identify. *Id.* The plaintiff

17

also requested leave to conduct discovery limited to the issue of the LLC's citizenship. *Id.* The magistrate judge, discussing *Lowery* and other applicable law, issued a report and recommendation that the district judge decline to allow such jurisdictional discovery. *Id.* at *3 ("Under *Lowery*, the Court should not grant jurisdictional discovery to allow Plaintiff to discover information it should have acquired prior to filing suit."). Instead, and given Plaintiff's inability to identify the members of the LLC it had sued despite the prior show-cause orders and responses, the magistrate judge recommended dismissal of the action without prejudice for lack of subject matter jurisdiction. *Id.* The district judge adopted and confirmed the magistrate judge's recommendation. *See Investissement Yves Auclair, Inc.*, 2018 WL 3344549, at *1-2.[4] This case is in a similar posture as *Investissement Yves Auclair* and due for the same result.

Beyond all the above, even if otherwise warranted—and for the reasons discussed it is not—jurisdictional discovery requires a party seeking it to articulate a potential benefit. *E.g.*, *Posner*, 178 F.3d at 1214 n.7. Jurisdictional discovery is properly denied if likely fruitless. *See Diverse Staffing Servs., Inc.*, 2022 WL 1271726, at *3 (finding jurisdictional discovery not warranted and explaining any such attempts to determine members of non-appearing LLCs "would likely be futile given Defendants … have failed to participate in this litigation"); *see also Butler*, 579 F.3d at 1314. Such is the case here. Plaintiff seeks to depose Fap. Doc. 47 at 5. How is a mystery. Plaintiff has

---

[4] The plaintiff filed objections to the recommendation of dismissal but not the recommendation of denying jurisdictional discovery. *Id.* at *1. The district judge overruled all objections and adopted the report and recommendation in its entirety. *Id.* at *1-2.

repeatedly represented that it tried, but was unable, to locate and effectuate service directly on Defendants. *See, e.g.*, Docs. 12, 13, 16, 17, 32; *see also* Doc. 36 at 8. Only after exhausting those efforts did Plaintiff determine, and swear through counsel, that "substitute service via the Florida Department of State was the only viable option remaining." Doc. 32 at 3 & Ex. 1, ¶ 6. Plaintiff cannot depose a party it cannot locate.

## IV.    Conclusion

Plaintiff invoked this Court's diversity jurisdiction. It did so without knowing or adequately alleging the citizenship of all the parties it had sued. After more than a year in court and three opportunities—its original complaint, its First Response to the First Order, and its Second Response to the Second Order—we now know that Plaintiff lacks the necessary information to do so. Plaintiff has instead admitted that it needs to seek discovery to try to search for what it should have had, but did not, from the outset: facts as to all the members and respective citizenships of the LLC it sued. Plaintiff proposes the Court assume jurisdiction anyway. Alternatively, it proposes the Court halt everything, including its pending Motion for default judgment, and hold this case longer in the hopes that it might be able to justify jurisdiction after deposing a party it has assured the Court it cannot locate. For the reasons herein, I recommend otherwise.

Accordingly, it is respectfully **recommended** that:

1.    The Motion (Doc. 42) be **denied**.

2.    This case be **dismissed without prejudice**.

19

3.   The Clerk of Court be directed to terminate any pending motions and close the file.

### Notice

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations impacts the scope of review by a district judge and by an appellate court. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); 11th Cir. R. 3-1. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). "A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation ... waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on October 1, 2024.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

The Honorable Marica Morales Howard, United States District Judge

Counsel of Record